## Barger *versus* Barger.

1. The words "she has sworn falsely" do not of themselves import a charge of perjury. To render them actionable, it must be averred that they were spoken in reference to *a judicial oath,* and to have been meant as a charge *of perjury.*
2. The colloquium which sets forth the oath alluded to in the conversation, and the innuendo in which its meaning is alleged, must be established as true. They are facts, and should be submitted to the jury.
3. On the part of defendant an offer was made to prove the acknowledgments of the plaintiff that she knew the amount of the judgment note to which the conversation and the words charged as perjury related, and how the said note was made up, for the purpose of showing the sense in which the defendant used the expressions attributed to him, and to negative the innuendo, that he designed, in using them, to charge the plaintiff with perjury. *Held,* that such evidence was not admissible under the plea of not guilty;— such evidence would be admissible only by way of justification.

ERROR to the Common Pleas of *Perry county.*

This was an action of slander brought by Sarah Barger against William Barger. Plea, not guilty. Verdict was rendered in favor of the plaintiff for $212.50 damages.

The declaration contained but one count, and set forth that to No. 188 of August Term, 1849, a judgment was entered in the Common Pleas of Perry county, in the name of William Barger *v.* Sarah Barger; and that on the 1st day of April, 1850, an application was made to the court aforesaid by the said Sarah Barger, on affidavit duly taken before Samuel Routh, Esq., for and concerning the aforesaid judgment; and that the said William Barger

falsely and maliciously spoke and published of "and concerning the said Sarah Barger, and of and concerning the said affidavit, made as aforesaid, the false, scandalous, malicious, and defamatory words, in substance as follows, that is to say, she (the said Sarah Barger, the plaintiff, meaning) did swear false; thereby, and then and there meaning and charging the said plaintiff with being guilty of the crime of wilful and corrupt perjury," &c. &c.

The judgment of William Barger *v.* Sarah Barger was entered to August Term, 1849, for $246.85, and was entered on warrant of attorney of 9th October, 1849. A witness testified, "I made the application to open the judgment, and took depositions at Liverpool on the 26th July, 1850; William Barger was there; William Barger inquired what she had stated in her affidavit; I told him the substance of what was in the affidavit. I recollect I told him distinctly that she said she owed him no more than $40, and that the note was not read to her when she signed it. He then said that she swore what was not true or what was false; I do not certainly remember the words he used. After the depositions were taken, William Barger and I met in Shuler's store; he took me in to ask me something, and there he asked me again what was in the affidavit. I told him about what I had said before, that she had sworn that she owed him about $40, and that she had not heard the note read when it was signed, or she would not have signed it. I told him also that she had said in her affidavit that it was her confidence in him that induced her to sign the note, believing it was all right; he then replied 'she has sworn false then.' I remarked we had better not have such conversation here, that I did not want to hear it; we went out immediately after."

On the part of the defendant it was offered to prove by a witness that he served a notice on Mrs. Barger, the plaintiff in this suit, to produce on the hearing of the rule to open the judgment, &c., referred to in the declaration, the original notes, accounts, statements, &c., constituting and showing the consideration and amount of the judgment alluded to, and that she admitted she had them in her possession at the time and since the judgment was confessed, but that they were burnt after she gave the judgment; also the acknowledgments of the plaintiff in this suit that she knew the amount of the judgment note when she signed it, and how it was made up; this was for the purpose of showing the sense in which the defendant used the expression attributed to him, and to negative the innuendo of the plaintiff that defendant intended to charge her with the crime of perjury.

This evidence was rejected by the Court, and exception was taken.

WATTS, J., charged:—"This is an action of slander, in which the words laid in the plaintiff's declaration are, "she did swear false;" and this is preceded by a recital of a colloquium of and

[Barger *v.* Barger.]

concerning an affidavit which had been made by the plaintiff in an action pending in Court between the same parties, and followed by an innuendo explaining the allusions and meaning of defendant.

"Defendant's first point read, viz., 'That unless the jury are satisfied from the evidence that the defendant intended to impute the crime of perjury to the plaintiff, as alleged in the declaration, the plaintiff is not entitled to a verdict.'

"The defendant's intention must be gathered from what he said, and the circumstances under which he said it. The words are well laid in the plaintiff's declaration, and they import a legal cause of action; and if the jury believe the testimony, it supports in substance and sufficiently, the plaintiff's allegation.

"Defendant's *second* point, viz., 'To constitute the crime of perjury, as charged, it is necessary the jury should believe the plaintiff intended to charge the defendant with swearing, wilfully, falsely, and corruptly, and knowing at the time she was swearing falsely, in a suit then pending in Court, and a matter material to the issue then trying.'

"The proof is, that after the substance of the deposition was made known to the defendant at his request, he says, 'she has sworn false then;' and another witness testified that at another time the defendant said 'she had sworn falsely,' or 'to a falsehood,' or perhaps 'a false oath,' not *certainly* recollecting the words. Now if the jury believe this testimony, we instruct you that under the pleadings in this cause, they impute sufficiently the crime of perjury in a matter that was legally material to the issue between the parties.

"Defendant's third point, viz., 'That the words proved do not support the declaration.' We have already said and now repeat in answer to this point, that the testimony does support the plaintiff's declaration, so as to entitle her to recover. In measuring the amount of damages which the plaintiff may be entitled to recover, the facts, circumstances, time, and manner in which the words were spoken, are legitimate subjects for the consideration of the jury."

The Court added, in explaining their charge to the jury, that it had been argued by counsel that a charge of swearing *falsely* did not imply *corruptly*; that it might be *false* as sworn to, and not corrupt. This we think is a forgetfulness of the meaning of the word. Words in this action are to be construed according to their ordinary acceptation; and, as we understand it, there can be no false swearing in Court that is not corrupt swearing.

Error was assigned: 1. To the rejection of the defendant's offer. 2. That the Court erred in their answers to, and in not answering affirmatively defendant's 1st, 2d, and 3d points. 3. There is error in the explanation of the Court to their charge, in

[Barger *v.* Barger.]

telling the jury that there can be no false swearing in Court that is not corrupt swearing.

*Hepburn*, for plaintiff in error.—The charge in the declaration as explained by the innuendo was, that the plaintiff in the suit had committed perjury. This was considered on the part of defendant to be a harsh construction of the words. What the Court said was not an answer to the *first point*. The meaning of the defendant, as averred in the innuendo, is a question of fact for the jury: 2 *Starkie on Slander* 46. The words "she has sworn falsely," do not necessarily impute perjury: 2 *Bin.* 60; 1 *Bin.* 537.

It was important that the jury should know what perjury was, before they could find that the defendant intended to impute it, and defendant was entitled to an answer to the second point: 2 *Ser. & R.* 49; *Id.* 44; 6 *Barr* 177–8.

As to the third point. Unless the defendant intended to impute perjury, the words did not support the averment. This fact should have been submitted to the jury, but the Court decided it.

The conclusion of the charge was erroneous in point of law. Falsely does not necessarily mean *corruptly*. It may mean erroneously—by mistake—"not truly:" 6 *Barr* 177–8, Steinman *v.* McWilliams.

The offer on the part of defendant was admissible: 9 *Barr* 312.

*Watts*, contrà.

The opinion of the Court was delivered, June 24, by

BLACK, C. J.—The words "she has sworn falsely," do not, of themselves, import a charge of perjury. It is the phrase which a person speaking of an extra-judicial oath would use when he meant to deny its truth, and perhaps is not less likely to be used in that way than it is with reference to an oath taken in the regular course of judicial proceedings. Besides, it may mean a mere denial of the truth of the party's testimony, without the corrupt want of integrity which is an essential ingredient in the crime of perjury. The words, in order to make them actionable, must be averred in the declaration to have been spoken with reference to a judicial oath, and to have been meant as a charge of perjury.

The colloquium which sets forth the oath to which the conversation relates, and the innuendo which alleges the meaning of it, must both be established as true, before the plaintiff can show a right of action. These are facts, and as such must be submitted to the jury. However strong the evidence in support of them may be, it is error for the judge to decide upon it himself. But he may give a very unequivocal opinion by way of advice to the jury; and when he has a plain case to deal with, it is his duty to make him-

[Barger *v.* Barger.]

self clearly understood. We do not think that any more was done in this case. The commentaries of the judge on the facts were strong, but true; and therefore not beyond the limits of his strict duty. Where one charges another with swearing falsely in a judicial proceeding, it is not easy to understand how a jury, if properly instructed, could be expected to find that perjury was not meant.

But though we do not see that any actual injustice has been done the defendant, we are compelled to reverse the judgment, because the Court omitted to give a direct answer to the second point, and because the jury were told there could be no false swearing that was not corrupt.

The offer to prove the facts set forth in the bill of exceptions, was most properly rejected. It was an effort to bring before the jury, on a plea of not guilty, evidence which could only be admitted by way of justification. Though the professed object of it is to show the sense in which the defendant used the expression, and to negative the innuendo, it could really have no other tendency than to prove the truth of the words, and show that the plaintiff had committed the perjury she was charged with.

Judgment reversed and *venire de novo* awarded.